```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                              :    1:10-mi-64
ANDREW J. OSTROWSKI                 :
```

### ANSWER OF THE RESPONDENT, ANDREW J. OSTROWSKI, TO THE RULE TO SHOW CAUSE

The Respondent, Andrew J. Ostrowski, respectfully requests this Honorable Court not impose the reciprocal discipline of a suspension from the practice of law for one year and one day for the following reasons, and requests a hearing:

1. The Respondent, Andrew J. Ostrowski, was suspended by the Supreme Court of Pennsylvania. He was suspended for one year and one day.

2. The Respondent received a Rule to Show Cause from this Honorable Court, which is dated February 12, 2010. The Respondent is now responding to that Rule to Show Cause.

3. The Respondent contends that fundamental due process was not met by the disciplinary system in Pennsylvania and Attorney Disciplinary Rule 83.21.4 was implemented. The following occurred:

> a.) The Respondent represented himself at the hearing. The Respondent did not, unfortunately, present psychological testimony during the hearing to demonstrate mitigation and further, did not present character testimony as to his good reputation in the legal community. The

Respondent, before the Pennsylvania Supreme Court, retained Samuel C. Stretton, Esquire, and Mr. Stretton filed a Petition to Remand the Case so the record could be made complete.  The Pennsylvania Supreme Court denied that request without argument or hearing.  As a result, the hearing record is defective since no evidence was presented of psychological mitigation and no character evidence was presented.

    b.)   The Respondent received a Report and Recommendation from the Hearing Committee in the captioned matter recommended a stayed suspension of six months plus one year probation.  Attached as an Exhibit to Exhibit "A" to the Petition for Review is a copy of the Hearing Committee's Report and Recommendation.

    c.)   The Respondent did not object to that Report and Recommendation of the Hearing Committee of a six month suspended sentence, nor did Disciplinary Counsel.

    d.)   Without any notice to the Respondent or Disciplinary Counsel, the Disciplinary Board, on its own, issued a Report and Recommendation recommending that the Respondent be suspended for a year and a day.  Attached and marked as Exhibit "B" to the Petition for Review is the Disciplinary Board Report.  There was a dissent by three members asking for a six month suspension.

e.) The Respondent then retained counsel, Samuel C. Stretton, Esquire, who petitioned the Supreme Court of Pennsylvania and asked to remand the case to complete the inadequate hearing record. Mr. Stretton also challenged the Disciplinary Board's conduct by indicating that there should have been at least a Rule to Show Cause for enhanced discipline since neither side had objected to the six month stayed suspension. There had been no hearing or argument.

f.) A timely Petition for Review was filed with the Pennsylvania Supreme Court asking for an argument and briefing schedule. The said Petition is attached. The Pennsylvania Supreme Court, instead of granting argument on this matter or remanding the case, affirmed the suspension for a year and a day from the practice of law.

g.) The Respondent respectfully contends that the Disciplinary Board of the Supreme Court of Pennsylvania and the Supreme Court of Pennsylvania did not give proper deference to the Report and Recommendation of the Hearing Committee.

h.) The Respondent respectfully contends that the Disciplinary Board and the Supreme Court of Pennsylvania did not have an adequate record and without an adequate record, found that the Respondent was a danger to the public because he was not presently going through a twelve

step program for admitted drug addiction.  There was no evidence that the Respondent currently was using drugs.

    i.)  The Report and Recommendation of the Disciplinary Board and Order of the Supreme Court of Pennsylvania of a year and one day suspension is extremely excessive and punitive in nature.  The matter arose out of the Respondent's representation of Aaron Chambers.  The Respondent admitted to the disciplinary violations and he had a prior informal admonition on June 27, 2006 and another informal admonition on November 30, 2004 for similar issues of neglect.

    j.)  The Respondent respectfully contends that this relatively minor history of neglect should not result in a suspension of one year and one day, particularly since in Pennsylvania, that requires a reinstatement hearing resulting in the Respondent not being able to practice for several years.

    k.)  The Respondent respectfully contends that this is an extremely unfair process where the Hearing Committee recommended a six month stayed suspension and one year probation, which would have allowed the Respondent to practice law.  There were no objections to that recommendation.  Yet, the Disciplinary Board and ultimately the Supreme Court, without argument, briefing schedules, or

additional evidence, changed the discipline from a stayed suspension to a substantial suspension of one year and one day requiring reinstatement. This greatly enhanced discipline, without an opportunity to respond, violated fundamental due process.

    l.) Further, the Respondent contends that fundamental due process and fundamental fairness is at issue since the discipline is extremely punitive in nature and is not warranted for the relatively minor conduct of neglecting a matter.

    m.) The Respondent has attached and marked as Exhibit "A" his Petition on Objections and Exceptions to the Pennsylvania Supreme Court, which was denied without argument or a hearing. Exhibit "A", the Hearing Committee Report and Exhibit "B", the Disciplinary Board Report are attached to this Petition.

    n.) Pursuant to Local Rule 83.21.4, the Respondent contends the procedure was so lacking in notice to deprive due process, there was an infirmity of proof the imposition of a year and one day would be a grave injustice and substantially lesser discipline is warranted.

    o.) The Respondent currently has active cases before this Honorable Court and he is handling these cases properly and appropriately. In the alternative, the

Respondent would ask for additional time of several months to complete these cases.

WHEREFORE, the Respondent, Andrew Ostrowski, respectfully requests a hearing on these issues and he contends that fundamental due process has not been met under these circumstances, and Local Rule 83.21.4 was violated, since the discipline was greatly increased without any objections, without any notice or Rule to Show Cause or opportunity to respond, and further, since the nature of discipline is extremely harsh and punitive under the circumstances.

                                        Respectfully submitted,

                                        *s/Samuel C. Stretton*_____
                                        Samuel C. Stretton, Esquire
                                        Attorney for Respondent,
                                         Andrew J. Ostrowski
                                        301 South High Street
                                        P.O. Box 3231
                                        West Chester, PA  19381-3231
                                        (610) 696-4243
                                        Attorney I.D. No. 18491

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

IN RE:                              :    1:10-mi-64
ANDREW J. OSTROWSKI                 :

## CERTIFICATE OF SERVICE

I hereby certify I am this date serving a copy of the Respondent's Answer to the Rule to Show Cause in the captioned matter upon the following persons in the manner indicated below.

Service by First Class Mail addressed as follows:

1. Edwin W. Frese, Jr., Esquire
   Office of Disciplinary Counsel
   100 Pine Street, Suite 400
   Harrisburg, PA  17101
   (717) 772-7463

2. Andrew J. Ostrowski, Esquire
   4311 North Sixth Street
   Harrisburg, PA  17110-1614

                        Respectfully submitted,

*March 11, 2010*          *s/Samuel C. Stretton*_____
      Date                Samuel C. Stretton, Esquire
                          Attorney for Respondent,
                           Andrew J. Ostrowski
                          301 S. High Street
                          P.O. Box 3231
                          West Chester, PA  19381
                          610-696-4243
                          Attorney I.D. No. 18491