IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 1:10-MC-0064 |
| ANDREW J. OSTROWSKI | : | |
| | : | |
| | : | (Judge Brann) |

**MEMORANDUM OPINION**

May 1, 2014

## I.  BACKGROUND

On February 9, 2010, the Supreme Court of Pennsylvania suspended Andrew J. Ostrowski from the Bar of the Commonwealth for a period of one year and one day.  On March 23, 2010, the Honorable Yvette Kane, then Chief Judge of the Middle District of Pennsylvania imposed reciprocal discipline upon Mr. Ostrowski pursuant to Middle District Local Rule 83.21.4, and suspended him from the Bar of the United States District Court for the Middle District of Pennsylvania for a concurrent period of one year and one day.  Mr. Ostrowski's suspension from the practice of law in the courts of the Commonwealth of Pennsylvania expired three years ago; that suspension will continue until Mr. Ostrowski reapplies to the Supreme Court of Pennsylvania for admission and is, in fact, readmitted.

On May 17, 2013, Mr. Ostrowski filed a Motion to Reopen Case/Reinstate

1

to Practice in this Court. ECF No. 10. Former Chief Judge Kane referred the case to the undersigned pursuant to Middle District Local Rule 83.26.3 for a hearing on the petition for reinstatement. Former Chief Judge Kane also referred the petition to Hubert X. Gilroy, Esquire, counsel for the Court, in accordance with the aforementioned Local Rule.

A hearing on petitioner's motion for reinstatement to the Bar of the Middle District of Pennsylvania was held on August 27, 2013. On February 24, 2014, after full briefing, this Court denied Mr. Ostrowski's motion for reinstatement. ECF Nos. 62 & 63.

On March 12, 2014, Mr. Ostrowski filed a Motion for Reconsideration of the February 24, 2014 Order, along with a supporting brief. ECF Nos. 67 & 68. Mr. Gilroy did not file a brief opposing the motion; accordingly, he is deemed not to oppose the motion pursuant to Middle District Local Rule 7.6

After thorough review of the Motion for Reconsideration, it will be denied.

**II. DISCUSSION**

A motion for reconsideration is a device of limited utility. Its purpose "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (internal citation omitted). Accordingly, a party seeking reconsideration must demonstrate at least

one of the following grounds prior to the court's altering, or amending, a standing judgment: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT & T Nassau Metals Corp.*, 902 F.Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F.Supp. 712 (M.D. Pa. 1996) (*quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)).

Conversely, a motion for reconsideration may not be "used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (internal citation omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified*

*Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995).

There is no err by the Court to be corrected on reconsideration. Mr. Ostrowski simply repackaged his former, unavailing arguments into the current motion. A motion for reconsideration may not be "used as a means to reargue unsuccessful theories," which is precisely what Mr. Ostrowski has done here. *See Drysdale, supra.* Because Mr. Ostrowski has not argued an intervening change in the controlling law; new evidence that was unavailable prior to the filing of the motion for reconsideration; or the need to correct a clear error of law or fact or to prevent manifest injustice; the motion will be denied.[1]

---

[1] Mr. Ostrowski, a suspended attorney, is attempting to persuade this Court that it was err to determine that he is not presently capable to represent clients in the Middle District of Pennsylvania. However, despite his ostensible goal of readmission, Mr. Ostrowski cited to no precedent in his brief supporting his motion. He did not cite the standard of review for a motion for reconsideration; nor did he cite to even one case in support of his arguments. (Much like Mr. Ostrowski's prior motion, in which he did not base any of his arguments on the standard of review to be employed by the Court. *See* ECF No. 62 at 6 & 8.) It is highly unusual, and, additionally, not persuasive advocacy, for an attorney not to cite to precedent in support of his or her contentions. Accordingly, the motion will be denied for the reasons cited above; however, to be thorough, this footnote will address each of Mr. Ostrowski's twelve points of contention in turn.

First, in his aggrandized sense of self-importance, Mr. Ostrowski accuses the undersigned of timing the publication of the Memorandum Opinion at issue at a time that would inflict harm on his congressional candidacy. The Court had no prior knowledge of Mr. Ostrowski's intention to declare his candidacy. It is Mr. Ostrowski who controlled the timing of his motion for readmission. Although his suspension expired more than three years ago, Mr. Ostrowski first applied to the

---

Court for reinstatement in May 2013, then while the Court's decision was pending, declared his intention to run for Congress. The Court had no control over the timing of these events.

Additionally, Mr. Ostrowski also complains that the Memorandum Opinion "was written for public consumption." ECF No. 68 at 1. All of this Court's opinions are written for public consumption, unless the parties request, and have good reason for, documents to be sealed. "The English common law, the American constitutional system, and the concept of the consent of the governed stress the public nature of legal principles and decisions." *Oliner v. Kontrabecki*, 2014 U.S. App. LEXIS 5282, 3-4 (9th Cir. Cal. Mar. 20, 2014) "Throughout our history, the open courtroom has been a fundamental feature of the American judicial system." *Id.* "Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings." *Id.* "These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Id. citing Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983) (internal quotation marks and footnote omitted). "Accordingly, unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id. (Internal quotation marks and citation omitted).*

Second, Mr. Ostrowski again argues that he has "newly discovered medical evidence" and that he was "mistreat[ed] by Dr. Kruszewski." ECF No. 68 at 2. The undersigned already thoroughly addressed this argument in the February 24, 2014 Memorandum Opinion. ECF No. 62 at 7-18. A motion for reconsideration is not a vehicle through which one may"use[] as a means to reargue unsuccessful theories." *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001) (internal citation omitted).

Third, Mr. Ostrowski argues that the Court denied him due process by not ordering pre-hearing briefing. Although he does not use the traditional legal nomenclature in this argument, Mr. Ostrowski is not arguing that the Court infringed on his substantive due process rights, only that the Court violated procedural due process. Procedural due process requires notice and an opportunity to be heard. "For more than a century the central meaning of procedural due

5

---

process has been clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified."" *Fuentes v. Shevin*, 407 U.S. 67, 80 (U.S. 1972) *quoting Baldwin v. Hale*, 1 Wall. 223, 233; *See Windsor v. McVeigh*, 93 U.S. 274; *Hovey v. Elliott*, 167 U.S. 409; *Grannis v. Ordean*, 234 U.S. 385. "It is equally fundamental that the right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Id. quoting Armstrong v. Manzo*, 380 U.S. 545, 552.

Mr. Ostrowski applied for reinstatement on May 13, 2010. Former Chief Judge Kane referred the matter to the undersigned on June 13, 2013, and on that same date, ordered Mr. Ostrowski to produce records from the state court proceedings. On June 26, 2013, the undersigned gave Mr. Ostrowski additional time to comply with Former Chief Judge Kane's Order and also scheduled a hearing to consider the merits of the motion for July 12, 2013. On July 1, 2013, Mr. Ostrowski moved to continue the hearing; this motion that was granted. Petitioner again, on July 11, 2013, moved to continue the hearing; a motion that was again granted by this Court. The hearing on the motion was ultimately held on August 27, 2013. The hearing lasted approximately 5 hours, it began at 10:08 a.m and terminated at 4:10 p.m., with a break taken for lunch. Mr. Ostrowski was permitted to represent himself at the hearing, and also he was permitted to have Don Bailey, Esquire, present as standby counsel. After the hearing concluded, the undersigned asked the parties how much time they needed to file post-hearing briefs. The parties requested 30 days to file their briefs. Accordingly, the Court allowed Mr. Ostrowski 30 days plus 3 days mailing time from the time the transcript was filed to file a brief supporting his motion. Additionally, the Court allowed Mr. Bailey 30 days from the time the transcript was filed to file an amicus brief in support of Mr. Ostrowski's position. Messrs. Ostrowski and Bailey requested an extension of time within which to file their briefs, which was granted on October 3, 2013. Mr. Bailey then asked for a second extension of time within which to file his brief, which was granted on October 15, 2013. Mr. Ostrowski flied an extension of time within which to respond to Mr. Gilroy's brief, which was opposed by Mr. Gilroy; despite the opposition, this Court granted Mr. Ostrowski's request on November 21, 2013. Mr. Ostrowski filed a second extension of time within which to respond to Mr. Gilroy's brief, which was granted by this Court on December 6, 2013.

---

As is patently clear from the preceding recitation, the undersigned has provided Mr. Ostrowski with more than sufficient notice and an opportunity to be heard. The Court has certainly comported with procedural due process requirements. Mr. Ostrowski's suggestion that he was denied these opportunities is disingenuous.

Continuing his third argument, Mr. Ostrowski argues that this Court "completely abused the Petitioner's rights by denying him a subpoena for Paul Killion, who was Chief Pennsylvania Disciplinary Counsel." ECF No. 68 at 4. As Mr. Ostrowski made no legal argument, nor cited any case law that explains how, precisely, the Court "completely abused" his "rights," or, moreover, what "right" he is referring to, the undersigned is unable to respond to this argument in any meaningful way.

Fourth, Mr. Ostrowski argues that this Court failed to address the record of the Bailey disciplinary proceedings. Mr. Bailey's proceedings are not relevant to the matter undertaken by the court regarding Mr. Ostrowski's reinstatement to practice. The Court was reviewing whether Mr. Ostrowski was fit to practice before the Bar of the Middle District of Pennsylvania. The perceived injustices in the state disciplinary proceedings against Mr. Bailey were not relevant to this Court's review.

Fifth, Mr. Ostrowski argues that with the exception of one footnote, this Court neglected to address the brief submitted by Mr. Bailey. Mr. Bailey wrote in his introductory statement in his brief "[t]he contention made herein is that the applicable Rule, namely [Pennsylvania] Rule [of Professional Conduct] 8.2 pertaining to "Statements concerning Judges and Other Adjudicatory Officers of hte "Rules of Professional Conduct[,]" is not only unconstitutional as written, but is unconstitutional as applied." ECF No. 49. at 1. Mr. Bailey's brief then goes on to address several constitutional arguments. Although Mr. Bailey's brief was apparently written to support Mr. Ostrowski, in actuality it appears to support only Mr. Bailey's state disciplinary proceedings. Mr. Ostrowski was not accused of violating Pennsylvania Rule of Professional Conduct 8.2 either in this Court or in his prior proceedings with the Disciplinary Board of the Supreme Court of Pennsylvania. That Rule is, however, precisely what Mr. Bailey was found to have violated, and subsequently resulted in Mr. Bailey's suspension by the Supreme

---

Court of Pennsylvania. Thus, because Mr. Bailey's arguments did not advance Mr. Ostrowski's cause, only Mr. Bailey's cause, his arguments were relegated to merely a footnote in the Memorandum Opinion in question.

Sixth and Seventh, Mr. Ostrowski once again argues that he submitted evidence of his self diagnosed Post Traumatic Stress Disorder that was allegedly misdiagnosed by former treating physician, Stephan Kruszewski, M.D. The undersigned already thoroughly addressed this argument in the February 24,2014 Memorandum Opinion. ECF No. 62 at 7-18. A motion for reconsideration is not a vehicle though which one may"use[] as a means to reargue unsuccessful theories." *Drysdale*, *supra*.

Eighth, Mr. Ostrowski alleges that the undersigned "took its cues from other Judges of this Court." ECF No. 68 at 7. This is a nonsensical argument which the undersigned is incapable of addressing in any meaningful fashion.

Ninth, Mr. Ostrowski takes issue with the Court's characterization of his composure, or lack thereof, during the hearing. This Court observed the testimony firsthand. This Court observed the witnesses and testimony first hand and is in a position to make credibility determinations. *See*, *e.g., United States v. Clay*, 320 Fed. Appx. 384, 289 (6th Cir. 2009) (unpublished opinion).

Tenth, as he has done at length, so to speak, Mr. Ostrowski once again references the size of the genitalia of one of the Judges of this Court. The undersigned already addressed this argument in the February 24, 2014 Memorandum Opinion. ECF No. 62 at 19-26. A motion for reconsideration is not a vehicle though which one may"use[] as a means to reargue unsuccessful theories." *Drysdale, supra.*

Eleventh, Mr. Ostrowski claims that he did not invent any aspersions about members of this Court. The undersigned already thoroughly addressed this argument in the February 24, 2014 Memorandum Opinion. ECF No. 62 at 19-26. A motion for reconsideration is not a vehicle though which one may"use[] as a means to reargue unsuccessful theories." *Drysdale, supra.*

Twelfth, Mr. Ostrowski takes issue with comments the Court cited from an

### III.  CONCLUSION

The March 12, 2014 Motion for Reconsideration of petitioner Andrew J. Ostrowski will be denied for the foregoing reasons.

An Order in accordance with the instant memorandum opinion will issue this date.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

email written by Mr. Ostrowski regarding his allegations of "Jesuit infiltration" of the courts. The email was submitted into evidence by Mr. Gilroy.  During the hearing, Mr. Ostrowski admitted to the authenticity of all documents Mr. Gilroy intended to use as evidence.  ECF No. 41 at 136-165.